UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joseph Stanley Pigott,

    Plaintiff,

v.

Corrections Corporation of America, et al.,

    Defendants.

Civil No. 07-cv-2003 (JNE/JJG)

**REPORT AND RECOMMENDATION**

---

This is a 42 U.S.C. § 1983 action by pro se Plaintiff Joseph Stanley Pigott ("Pigott"). Pigott is confined at Defendant Corrections Corporation of America's ("CCA") prison in Appleton, Minnesota. He alleges that CCA and the individual Defendants, all CCA representatives, denied him Due Process of law in connection with a prison disciplinary hearing.

This matter is before the Court on the Defendants' motion to dismiss and on Pigott's ex parte request for release. For the reasons set forth below, the Court recommends that the Defendants' motion to dismiss be granted, and that Pigott's request for release be denied.

**I.  BACKGROUND**

In April 2003, Pigott was convicted of first-degree assault with a deadly weapon in a Washington state court. Pigott was originally imprisoned in Washington, but in 2005, was transferred to Prairie Correctional Facility ("PCF"), a CCA facility in Appleton, Minnesota.[1] Pigott's Complaint arises out of an incident that occurred on January 3, 2007, at PCF.

---

[1] The State of Washington contracts with CCA for the confinement and supervision of certain Washington offenders. *Aff. of Kathleen M. Daly*, Ex. A.

On that day, Pigott and Defendant Andrews, a PCF corrections officer, disagreed about whether Pigott had completed his shower cleaning duties. *Complaint*, ¶ 12. Andrews filed a prison disciplinary infraction against Pigott, citing him for failing to work his prison job and for refusing a direct order. *Id.*[2]

The next day, January 4, 2007, Pigott was served with the disciplinary infraction. He alleges that was not notified of his right to call witnesses at the disciplinary hearing regarding the infraction. *Id.* at ¶ 13.

On January 8, 2007, the prison held a disciplinary hearing regarding the infraction. *Id.* at ¶ 14. Pigott informed the hearing officer, Defendant Mayer, that the infraction was false and that he had witnesses supporting his assertions.[3] *Id.* Mayer decided that Pigott was guilty of the infraction without allowing him to call witnesses. *Id.* Mayer required Pigott to perform forty hours of extra work duty due to the infraction. *Id.*

Pigott appealed the decision on the basis that his "hearing was sham." *Id.*, Ex. D. Defendant Eastman affirmed the hearing officer's determination. *Id.* at ¶ 15.

Pigott filed the instant action on April 23, 2007, alleging that the Defendants violated his Fourteenth Amendment procedural due process rights by failing to notify him that he could call witnesses at his disciplinary hearing and by failing to allow him to call witnesses at that hearing.

## II. ANALYSIS

### A. Motion to dismiss legal standard

When considering a motion to dismiss, a court construes the pleadings in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. *Hamm v. Groose*, 15 F.3d 110, 112 (8th Cir. 1994). "A motion to dismiss should be granted as a

---

[2] The infraction report at issue is not in evidence.
[3] Pigott attached three supporting witness statements to his Complaint.

practical matter ... only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). However, to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --U.S.--, 127 S.Ct. 1955, 1974 (2007).

When deciding a Rule 12(b)(6) motion to dismiss, a court may consider the complaint and exhibits attached thereto, matters of public record, orders, and materials embraced by the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

**B.** **Defendants' motion to dismiss**

The Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that Pigott's Complaint fails to state a claim upon which relief can be granted. Defendants argue that Pigott's challenge to prison discipline fails to implicate a liberty interest protected by the Due Process Clause. Pigott responds that he has certain procedural Due Process rights in connection with a prison disciplinary hearing that the Defendants failed to observe.

As a threshold matter, the Defendants conclude that Pigott's Complaint arises out of an incident that occurred on January 30, 2007, rather than on January 3, 2007. They then discuss only the January 30, 2007, disciplinary incident. Pigott's Complaint, however, is clear that the incident of which he complains occurred on January 3, 2007, not on January 30, 2007. He also attached witness statements regarding the incident, all of which reference January 3, 2007, as the date at issue. The Court, therefore, addresses the January 3, 2007, incident.

The Defendants' factual confusion notwithstanding, the legal basis of their motion to dismiss applies with equal force to the January 3, 2007, incident underlying the Complaint. The Defendants argue that Pigott has no liberty interest underlying his Due Process claim. Relying

3

on *Sandin v. Connor*, 515 U.S. 472 (1995), they contend that the discipline imposed on Pigott does not give rise to a Due Process claim, because it did not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

The Court agrees. The Due Process Clause does not reach Pigott's claim. In *Sandin*, the Court considered whether a prisoner's confinement in segregation implicated liberty interests protected by the Due Process clause, itself, or created by a Hawaii prison regulation regarding segregation procedure. The Court held that the Due Process Clause, in and of itself, did not require that the prisoner be afforded certain procedural protections before segregation was imposed. It explained that the Due Process Clause, by itself, was implicated in the prison setting only where the restraint "exceeded the sentences in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force." *Id.* at 484 (citing *Vitek v. Jones*, 445 U.S. 480 (1980) (Due Process Clause implicated where prisoner involuntarily transferred to state mental hospital); *Washington v. Harper*, 494 U.S. 210 (1990) (Due Process Clause implicated where psychotropic drugs involuntarily administered to prisoner)).

The Court further held that states could statutorily create liberty interests triggering Due Process protections, for example by prison regulation. Such liberty interests, however, would only arise where the restraint involved "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. *See also Wolff v. McDonnell*, 418 U.S. 539 (1974) (state statute created Due Process liberty interest in shortened prison sentence resulting from good time credits; this liberty interest mandated that the prison observe minimum procedural requirements). The Court went on to decide that the imposition of 30 days of segregation was not sufficiently severe to give rise to a liberty interest protected by the Due Process Clause itself, or based on prison regulation. *Sandin*, 515 U.S. at 487. The Court

explained that, "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485.

Here, Pigott contends that the Due Process Clause required the Defendants to give him notice of the right to call, and the opportunity to call, witnesses at his disciplinary hearing. He apparently relies on a Washington Department of Corrections Policy, not in evidence, affording such procedural protections. *See Complaint* at Ex. 4. (citing Washington Department of Corrections Policy No. 15-2.1). Regardless of policy's language, the deprivation Pigott ultimately experienced from the prison disciplinary proceedings was not sufficiently harsh to trigger Due Process procedural protections, including notice of, and the ability to call, witnesses at the prison disciplinary hearing.

Pigott received forty hours of extra work duty. He does not claim this extra work duty affected the duration of his sentence. This extra work duty did not impose the requisite "atypical and significant hardship" on him. *See Sandin*, 515 U.S. at 486 (failure to allow inmate to present witnesses at disciplinary hearing, after which he was received 30 days of segregated confinement, not sufficiently atypical or significant to create a Due Process liberty interest); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (no liberty interest infringed where prisoner was confined to segregation without a hearing); *Smith v. DeBryun*, 91 F.3d 146, *4 (7th Cir. 1996) (Table) (sanction of extra duty less significant than a disciplinary sanction and does not infringe a liberty interest). Nor was it the type of extreme restraint triggering the Due Process Clause "of its own force." *See Sandin*, 515 U.S. at 484. Therefore, the process Pigott claims he was unconstitutionally denied, was not required as a matter of law.[4]

---

[4] The Court recognizes that, in *Wolff*, the Supreme Court held that the Due Process Clause mandates that prisons afford inmates certain minimum procedural protections, including a qualified right to call witnesses at a prison disciplinary hearing, where a state statute regarding

5

Accordingly, the Court recommends that the Defendants' motion to dismiss be granted.

### C. Pigott's request for release from custody

While not raised in his Complaint, Pigott's ex parte request for release from custody and his memorandum of law opposing the Defendants' motion to dismiss ask this Court to release him from custody due to alleged infirmities in his underlying conviction. Aside from the fact that Pigott did not plead these allegations in his Complaint, even if he had, they are properly the subject of a habeas petition, not a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate release … from that imprisonment, his sole federal remedy is a writ of habeas corpus."). The Court, therefore, recommends denial of Pigott's request for release from custody.[5]

## III. RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

    A.    Defendants' motion to dismiss (Doc. No. 35) be **GRANTED**.

    B.    Plaintiff's ex parte request for release (Doc. No. 26) be **DENIED**.

---

good time credits created a liberty interest in a shortened prison sentence. 418 U.S. at 557, 566. In *Sandin*, however, the Court made clear that *Wolff*'s procedural protections are triggered only where the deprivation underlying the prisoner's claim is sufficiently severe to trigger the Due Process Clause in the first instance. As discussed above, such is not the case here.

[5] In one sentence in the factual background of his Complaint, Pigott asserts that he was "discriminated against because Pigott is a Black Man and was made to look guilty by a conspiracy of all Defendants." *Complaint* at ¶ 13. Even given the Court's liberal construction of pro se pleadings, this wholly conclusory allegation is insufficient to state an Equal Protection race discrimination claim under § 1983. *See Davis v. Hall*, 992 F.2d 151, 152, 153 (8th Cir. 1993) (conclusory statements in § 1983 complaint insufficient to avoid motion to dismiss). *See also Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003) (quoting *Parkhill v. Minn. Mut. Life Ins. Co.*, 286 F.3d 1051, 1058 (8th Cir. 2002) ("well-pleaded facts, not legal theories or conclusions, determine adequacy of complaint")).

    C.      This action be **DISMISSED WITH PREJUDICE**.

Dated:  July 8, 2008

                                          s/ *Jeanne J. Graham*

                                          JEANNE J. GRAHAM
                                          United States Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **July 22, 2008**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  The district court judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the district court judge is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.